**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FEB 16 2018

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  17-50043 |
| Plaintiff-Appellee, | D.C. No. 2:07-cr-00890-RGK |
| v. | |
| THOMAS M. JOHNSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted February 13, 2018[**]

Before:      LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Thomas M. Johnson appeals six special conditions of supervised release,

imposed following revocation of his supervised release.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

Johnson contends that the district court erred in imposing the special

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

conditions of supervised release, which he argues unreasonably restrict his property and liberty interests, limit his employability, and are overbroad. Conditions of supervised release are reviewed for abuse of discretion. *See United States v. Betts*, 511 F.3d 872, 874 (9th Cir. 2007).

Johnson's crimes of conviction, and the nature of his supervised release violations, justified imposition of the additional conditions. In light of the significant amount Johnson owes in restitution, the first challenged condition is reasonable. *See id.* at 876-77 (district court may order that part or all of windfall monies be applied to restitution as long as the court determines amount that will be applied). Contrary to Johnson's contention, the four employment-related conditions are not overbroad and are reasonably necessary to protect the public from future acts of financial fraud by Johnson. *See id.* at 874-75. Finally, the business records condition is reasonably related to the circumstances of Johnson's conviction and to the goals of deterrence and protection of the public. *See* 18 U.S.C. § 3583(d)(1); *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008). Because the conditions imposed by the district court are reasonably related to deterrence and the protection of the public, and do not involve a greater deprivation of liberty than is reasonably necessary, the district court did not abuse its discretion in imposing them. *See* 18 U.S.C. § 3583(d); *Daniels*, 541 F.3d at 924.

**AFFIRMED.**

17-50043